UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

ABASS KEITA,

                            Plaintiff,                    **COMPLAINT**

            -against-                                      18-cv-

                                                          JURY TRIAL DEMANDED

NEW   YORK   CITY   DEPARTMENT   OF
EDUCATION; KIMBERLY SWANSON, in her
Capacity as PRINCIPAL OF LIFE SCIENCES
SECONDARY SCHOOL and INDIVIDUALLY;
DEREK PREMO, in his Capacity as ASSISTANT
PRINCIPAL OF LIFE SCIENCES SECONDARY
SCHOOL and INDIVIDUALLY,

                            Defendants.

———————————————————

        Plaintiff ABASS KEITA, by and through his attorneys GLASS KRAKOWER LLP, as

and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff ABASS KEITA ("Plaintiff" or "Keita"), a tenured mathematics teacher,

brings this action based on unlawful discrimination and retaliation on the basis of his age and race

in violation of the federal Age Discrimination in Employment Act (ADEA), Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the New York State Human Rights

Law, N.Y. Exec Law § 296, the New York City Human Rights Law, N.Y.C. Administrative Code

1

§§8-101 *et. seq.*; and 42 U.S.C. § 1981 and § 1983, which also addresses Equal Protection violations.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, because this action involves federal claims for age and race discrimination under the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 and § 1983.

3.      Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

4.      Plaintiff ABASS KEITA is a resident of the State of New York and a teacher within the school system operated by the New York City Department of Education.

5.      At all times relevant herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") is a city school district established under the laws of the State of New York and Plaintiff's employer.

6.      At all times relevant herein, Defendant Principal KIMBERLY SWANSON was the Principal of Life Sciences Secondary School ("Life Sciences") in Manhattan. She is sued in both her official and individual capacities.  She is Caucasian and believed to be 38 years old.

7.      At all times relevant herein, Defendant Assistant Principal DEREK PREMO was the Principal of Life Sciences Secondary School ("Life Sciences") in Manhattan.   He is sued in both his official and individual capacities.  He is Caucasian and believed to be 43 years old.

## FACTUAL ALLEGATIONS

8.      Plaintiff has been a mathematics teacher within Defendant NYCDOE at the Life Sciences Secondary School ("Life Sciences") within District 2 in Manhattan since October 19, 2004.

9.      Plaintiff holds a Doctorate of Philosophy in Pure Mathematics.

10.     Plaintiff is black.

11.     Plaintiff is 54 years old, born November 12, 1964.

12.     Plaintiff consistently received "Satisfactory" and/or "Effective" and/or "Highly Effective" ratings, observations, and annual evaluations at Life Sciences up until the 2015-16 school year.

13.     Since Kimberly Swanson arrived as Principal of Life Sciences, however, Plaintiff's observations and ratings have plummeted.

14.     Plaintiff's ratings, along with those of other older, African-American teachers, have dropped since the arrival of Principal Swanson and Assistant Principal Derek Premo in the 2015-16 school year.

15.     During the 2015-16 and 2016-17 school years, Plaintiff and other teachers in the mathematics department would plan and create all lessons together as a department; would share lesson plans and a curriculum map on a google drive; and would implement the same lessons, and the same curriculum map.  Furthermore, Plaintiff mentored the younger teachers in his department.

16.     Despite the mathematics teachers teaching virtually the same exact lessons, Plaintiff received his first ever "Developing" Annual Professional Performance Review ("APPR"), or end-year rating, for the 2015-16 school year, while other younger, non-African-American teachers received higher ratings.

17.     During the 2015-16 school year, Plaintiff was not granted any of his teaching preferences, despite language in the teacher's contract stating that "at least one preference should be honored." Indeed, Plaintiff was assigned to teach an Advance French class outside of his license and certification area.

18.     Following the issuance of his "Developing" APPR for the 2015-16 school year, Plaintiff was placed on a Teacher Improvement Plan ("TIP").

19.     Despite the mathematics teachers teaching virtually the same exact lessons, Plaintiff received his first ever "Ineffective" APPR rating for the 2016-17 school year, while other younger, non-African-American teachers received higher ratings.

20.     Notably, although Plaintiff was placed on a Teacher Improvement Plan ("TIP") plan for the 2016-17 school year, he was given the opportunity to participate in only one Professional Development ("PD") activity outside of the school.

21.     On or about December 1, 2016, in a meeting with Principal Swanson regarding an APPR Resolution Assistance Request Plaintiff had filed, Principal Swanson said to Plaintiff, in sum and substance, that she does not like "black" faculty members to file APPR Requests, and that she would rather have faculty members come to her office to discuss the issue directly with her.

22.     On or about December 22, 2016, Principal Swanson issued Plaintiff a "non-file letter" regarding an allegation of corporal punishment. Notably, Principal Swanson did not substantiate this allegation due to conflicting statements from the complainant and witnesses. Nonetheless, Principal Swanson issued Plaintiff a letter to file stating that his conduct "may lead to further disciplinary action, including disciplinary charges that could lead to the termination of [his] employment."

23.     During the 2016-17 school year, from February to June 2017, Plaintiff's administration had him teach classes that were out of compliance with New York State Education mandates. Specifically, Plaintiff taught two Integrated co-Teaching ("ICT") Algebra classes, each with 13-14 special needs students. Pursuant to the New York State Special Education mandates, ICT classes are required to have both a special education and general education teacher licensed in the specific subject matter in class at all times.

24.     In February 2017, Stephaney Nixon, a substitute teacher who was not licensed in special education or math, served as Plaintiff's co-teacher in these two aforementioned Algebra classes. Ms. Nixon was unable to assist Plaintiff with the needs of the special needs students in these classes.

25.     Two of the classroom observations during the 2016-17 school year that Plaintiff's administration conducted of him were of these Algebra classes and occurred during the time period when these classes were in violation of the Special Education mandates. Both were rated as less-than-effective.

26.     Specifically, a formal observation was conducted on or about March 29, 2017, and an informal observation was conducted on or about May 25, 2017.

27.     Notably, during the 2015-16 and 2016-17 school years, younger, non-African-American teachers received more positive ratings than Plaintiff and the senior, African-American teachers in the math department.

28.     Plaintiff has suffered damages as a result of the discrimination, including out of pocket medical expenses, and other potential per session and summer school opportunity losses.

29.     Plaintiff filed a dual filed complaint with the SDHR and EEOC based on age and race discrimination on or about July 26, 2017, and requested and received a right to sue letter from the EEOC dated February 28, 2018, a copy which is annexed as Exhibit A.

30.     Shortly after filing the protected SDHR discrimination complaint, Plaintiff was retaliated against with service of Section 3020-a disciplinary charges by Defendants in September 2017, seeking termination of his employment for alleged incompetency, and was removed from his teaching duties upon receipt of the charges.

31.     The Section 3020-a disciplinary charges were adjudicated before Hearing Officer James McKeever (appointed as part of the NYCDOE-UFT disciplinary panel), who issued Plaintiff a $5,000 fine in a decision dated April 9, 2018.

32.     Upon removal from his teaching duties at the school, Plaintiff suffered loss of per session wages and has been assigned to the Absent Teacher Reserve pool.

## FIRST CLAIM FOR RELIEF

### (Claims for Violation of Title VII—Discrimination and Retaliation Based on Race Against Defendant NYCDOE)

33.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

34.     Defendant NYCDOE, through the aforementioned conduct, have violated Title VII of the Civil Rights Act of 1964, by discriminating and retaliating against Plaintiff based on his race.

## SECOND CLAIM FOR RELIEF

### (Claims for Violation of 42 USC Section 1981 and 1983 — Discrimination and Retaliation Based on Race Against All Defendants)

35.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

36.     Defendants, through the aforementioned conduct, have violated Sections 1981 and 1983, by discriminating and retaliating against Plaintiff based on his race.

## THIRD CLAIM FOR RELIEF

### (Claims for Violation of the ADEA — Discrimination and Retaliation Based on Age Against Defendant NYCDOE)

37.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

38.     Defendant NYCDOE, through the aforementioned conduct, has violated the ADEA by discriminating and retaliating against Plaintiff based on his age.

## FOURTH CLAIM FOR RELIEF

### (Claims for Violation of New York State Human Rights Law — Discrimination and Retaliation Based on Race and Age against All Defendants)

39.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

40.     Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, by discriminating against Plaintiff based on his race and age.

## FIFTH CLAIM FOR RELIEF

### (Claims for Violation of New York City Human Rights Law — Discrimination and Retaliation Based on Race and Age against All Defendants)

41.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

42.     Defendants, through the aforementioned conduct, have violated the New York City Human Rights Law, by discriminating against Plaintiff based on his race and age.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendant NYCDOE is in violation of federal Title VII of the Civil Rights Act of 1964;

B.     A declaratory judgment that Defendants are in violation of federal 42 USC Sections 1981 and 1983;

C.     A declaratory judgment that Defendant NYCDOE is in violation of federal ADEA;

D.     A declaratory judgment that Defendants are in violation of the New York State Human Rights Law;

E.     A declaratory judgment that Defendants are in violation of the New York City Human Rights Law;

G.     Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to Title VII, the ADEA, 42 USC Sections 1981 and 1983, the New York State Human Rights Law, and the New York City Human Rights Law;

H.     Awarding Plaintiff costs and reasonable attorneys' fees; and

I.     Such other and further relief as to this Court may deem necessary, just and proper.

Dated:      New York, New York
            April 15, 2018

                    GLASS KRAKOWER LLP
                    Attorneys for Plaintiff Keita
                    100 Church Street, Suite 800
                    New  York,  NY   10007
                    (212) 537-6859

                    By:_____ s/ _____
                        BRYAN D. GLASS, ESQ.