UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

ABASS KEITA,

                                        Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF EDUCATION;
KIMBERLY SWANSON, in her Capacity as PRINCIPAL
OF LIFE SCIENCES SECONDARY SCHOOL and
INDIVIDUALLY; DEREK PREMO, in his Capacity as
ASSISTANT PRINCIPAL OF LIFE SCIENCES
SECONDARY SCHOOL and INDIVIDUALLY,

                                        Defendants.
---------------------------------------------------------------------------x

**ANSWER TO THE AMENDED COMPLAINT**

No. 18-CV-03334 (JPO)

        Defendants, New York City Department of Education ("DOE"), Kimberly Swanson, and Derek Premo (collectively "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the Amended Complaint, respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that Plaintiff is a tenured mathematics teacher, and purports to proceed as set forth in this paragraph.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that Plaintiff venues this action in this District as set forth therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint, except admit that Plaintiff is a teacher employed by DOE.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except refer the Court to Articles 52 and 52-A of the New York Education Law for the powers of the DOE, and admit that DOE is Plaintiff's employer.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that Kimberly Swanson is the Principal at Life Sciences, is Caucasian, and is being sued in both her official and individual capacity.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Derek Premo is a 43-year-old Caucasian and is being sued in both his official and individual capacity.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Plaintiff has worked at Life Sciences within District 2 in Manhattan since October 19, 2004.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Plaintiff self-identifies as set forth in this paragraph.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that during the 2015-16 and 2016-17 school years, Plaintiff and some other teachers at Life Sciences would share lesson plans and a curriculum map.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that Plaintiff received a "Developing" rating on the Annual Professional Performance Review ("APPR") for the 2015-16 school year.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Admit the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that Plaintiff received an "Ineffective" APPR rating for the 2016-17 school year.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint, except admit that Plaintiff was placed on a Teacher Improvement Plan ("TIP") for the 2016-17 school year.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that Principal Swanson issued Plaintiff a Non-File Letter regarding one allegation of corporal punishment, and respectfully refer the Court to the Letter for the contents thereof.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that Plaintiff taught two Integrated Co-Teaching ("ICT") Algebra classes.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that Stephaney Nixon is a substitute teacher and served as Plaintiff's co-teacher in two Integrated co-Teaching ("ICT") Algebra classes beginning in February 2017.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, except admit that two observations were conducted of Plaintiff's Algebra class during the 2016-17 school year.

26. Deny the allegations set forth in paragraph "26," of the Amended Complaint, except admit that a formal observation was conducted on March 29, 2017, and an informal observation was conducted on May 25, 2017.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint, except admit that Plaintiff filed a Complaint with the New York State Division of Human Rights ("SDHR") on or about July 26, 2017, and respectfully refer the Court to the letter from the Equal Employment Opportunity Commission ("EEOC") referred to therein for the contents thereof.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that disciplinary charges were preferred against Plaintiff pursuant to Section 3020-a of the New York Education Law on or about September 12, 2017.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint, except admit that the Section 3020-a disciplinary charges were adjudicated before Hearing Officer James McKeever, Esq., and respectfully refer the Court to the decision made by Hearing Officer McKeever for the contents thereof.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to paragraph "33" of the Amended Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Amended Complaint, as if set forth fully herein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. In response to paragraph "35" of the Amended Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Amended Complaint, as if set forth fully herein.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. In response to paragraph "37" of the Amended Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Amended Complaint, as if set forth fully herein.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. In response to paragraph "39" of the Amended Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Amended Complaint, as if set forth fully herein.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. In response to paragraph "41" of the Amended Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Amended Complaint, as if set forth fully herein.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

43. The Amended Complaint fails to state a cause of action upon which relief may be granted in whole or in part.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

44. At all times relevant to the Amended Complaint, Defendants acted reasonably, lawfully, and in good faith, without malice, in accord with the Constitution and all

applicable laws, by-laws, rules, and regulations of the United States and the State and City of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45.     Defendants had legitimate, nondiscriminatory business reasons for taking all of the alleged acts complained of by Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46.     The First Amended Complaint may be barred, in whole or in part, by the doctrines of collateral estoppel, issue preclusion, or any combination of these doctrines.

**WHEREFORE**, Defendants respectfully request that the Amended Complaint be dismissed in its entirety, that the relief sought therein be denied in all respects, that judgment be entered for Defendants, together with such other relief as the Court deems just and proper.

Dated:    New York, New York
          August 24, 2018

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-107
New York, New York 10007
(212) 356-3177
TFersten@law.nyc.gov

By: _____
Tova Ferstenberg
Assistant Corporation Counsel

**TO:**   Bryan D. Glass, Esq. (by ECF)
          GLASS KRAKOWER LLP
          100 Church Street, Suite 800
          New York, New York 10007
          (212) 537-6859